IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| John Allen Smith, #40654-019, )  | |
| ) | C.A. No. 9:08-139-HMH-GCK |
| Petitioner,    ) | |
| ) | **OPINION & ORDER** |
| vs.    ) | |
| ) | |
| Warden John R. Owen,    ) | |
| ) | |
| Respondent.    ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] John Allen Smith ("Smith"), a federal prisoner proceeding pro se, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Magistrate Judge Kosko recommends dismissing Smith's petition without prejudice and without requiring the Respondent to file a return. Smith filed objections to the Report and Recommendation on February 20, 2008.[2]

### I. FACTUAL AND PROCEDURAL HISTORY

Smith is currently incarcerated at the Federal Correctional Institution Williamsburg in Salters, South Carolina. Smith was sentenced to Four Hundred Forty (440) months'

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

[2] See Houston v. Lack, 487 U.S. 266 (1988).

imprisonment on June 4, 1993, by the United States District Court for the Northern District of Georgia. The United States Court of Appeals for the Eleventh Circuit upheld Smith's conviction on direct appeal. In addition, Smith alleges that he has previously filed two motions to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which were denied.

Smith filed the instant petition pursuant to § 2241 on January 10, 2008.[3] The Magistrate Judge found that Smith had failed to show that § 2255 was inadequate or ineffective to test the legality of his detention, such that he could proceed under § 2241. (Report and Recommendation 7.) As such, the Magistrate Judge recommends dismissing Smith's petition without prejudice and without requiring the Respondent to file a return.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Smith's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Smith objects to

---

[3] See id.

the Magistrate Judge's Report and Recommendation, arguing that he may proceed under § 2241.

Habeas relief pursuant to § 2241 is available only if a § 2255 motion is inadequate or ineffective to test the legality of detention. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999). In his § 2241 petition, Smith challenges his conviction on three grounds: (1) that there was a "constructive amendment" of his indictment in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments; (2) that his guilty plea was involuntary because of violations of Rule 11 of the Federal Rules of Criminal Procedure; and (3) that his conviction rests on an improper definition of "use," as that term was defined in Bailey v. United States, 516 U.S. 137 (1995). (Smith's § 2241 Pet. 5-8.) Smith is attacking his conviction and sentence. Therefore, Smith's claims should have been presented in a § 2255 motion.

The Fourth Circuit has found § 2255 inadequate and ineffective, such that a habeas petitioner may proceed under § 2241, in only one scenario, when

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Smith has not shown that he satisfies this test. Accordingly, Smith may not proceed under § 2241.

Moreover, Smith cannot meet either of the two provisions for filing a second or successive motion under § 2255, thus construing the instant motion as a motion brought under § 2255 would be fruitless. (Objections 2-3.) <u>See</u> 28 U.S.C. § 2255(h) (2006). Further, the court lacks jurisdiction to decide a § 2255 motion because Smith was convicted and sentenced in the Northern District of Georgia. Therefore, Smith's objection is without merit, and the court adopts the Magistrate Judge's Report and Recommendation.

It is therefore

**ORDERED** that Smith's § 2241 petition is dismissed without prejudice and without requiring the Respondent to file a return.

**IT IS SO ORDERED**.

                                                      s/Henry M. Herlong, Jr.
                                                      United States District Judge

Greenville, South Carolina
February 25, 2008

### NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.